**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Gary Howard Moore, ) | |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **RE MOTION TO DISMISS** |
| ) | |
| Warden Timothy Schuetzle, ) | Case No. 1:07-cv-36 |
| ) | |
| ) | |
| Respondent. ) | |

Before the court is the Respondent's Motion to Dismiss Petitioner's 28 U.S.C. § 2254 Writ of Habeas Corpus by a Person in State Custody. The Petitioner, acting pro se, did not file a response. The Honorable Daniel L. Hovland, Chief Judge of the District Court, has referred this matter to the undersigned for preliminary consideration.

### I. BACKGROUND

The Petitioner, Gary Howard Moore (Moore), filed his petition on May 14, 2007. The petition contains one claim for an alleged violation of Moore's Sixth Amendment right to a speedy trial. The petition states as follows:

> I filed a detainer act[1] on 12-28-05, which gave the state 90 days to get me to trial. I never go scheduled for a trial until 4-6-06 which was past the time period. The

---

[1] The Uniform Mandatory Disposition of Detainers Act. The relevant portion provides as follows:

> Within ninety days after the receipt of the request and certificate by the court and prosecuting official or within such additional time as the court for good cause shown in open court may grant, the prisoner or his counsel being present, the indictment, information, or complaint must be brought to trial; but the parties may stipulate for a continuance or a continuance may be granted on notice to the attorney of record and opportunity for him to be heard. If, after such a request, the indictment, information, or complaint is not brought to trial within that period, no court of this state any longer has jurisdiction thereof, nor may the untried indictment, information, or complaint be of any further force or effect, and the court shall dismiss it with prejudice.

N.D.C.C. 29-33-03

1

>judge abused his discretion and gave the state a 90 day continuance without any reason just because they ran out of time.

Moore's petition relates to his conviction in Stark County District Court for burglary, theft of property, and criminal mischief. State v. Moore, Stark County District Court Case No. 05-K-1105. The criminal complaint was filed in Stark County on September 19, 2005. The charges related to a break in at a business known as Liquid Assets that occurred on July 30, 2005, in Dickinson, North Dakota.[2] A warrant for his arrest was signed on September 22, 2005. Moore was incarcerated at the time so a detainer was placed on him. Moore signed a request for disposition of detainer on November 21, 2005. This request was filed November 28, 2005. On December 7, 2005, an initial appearance and preliminary hearing were scheduled for January 9, 2006. A transport order was signed on December 9, 2005. When the Stark County Sheriff's deputies arrived at the North Dakota State Penitentiary to transport Moore they were informed that he was in court in Stutsman County to answer other charges.

The initial appearance and preliminary hearing were rescheduled for February 6, 2006. At the hearing on February 6, 2006, Moore requested that he be appointed counsel. The request for counsel was granted and the preliminary hearing was held February 16, 2006. Moore pled not guilty. The State moved for additional time to bring the matter to trial, the 90 day time limit being set to run on or about February 27, 2006. The motion was granted. Trial was scheduled for April 6, 2006. On the date set for trial Moore entered a conditional guilty plea, preserving his right to appeal the issue of whether the case should have been dismissed for failure to observe the ninety day time limit set by the Uniform Mandatory Disposition of Detainers Act (Detainer Act). On April 19, 2006, Moore was sentenced to five years imprisonment with two years suspended for five years.

---

[2]Moore has multiple convictions for burglary and theft of property committed in June, July, and August of 2005, in McIntosh, Logan, Stutsman, Burleigh, and Stark counties. Only the Stark county conviction is at issue in this petition.

The sentence was to run consecutively to his sentence in Burleigh County Case No. 08-5K-1719.

Moore appealed his conviction as allowed pursuant to the conditional guilty plea. The North Dakota Supreme Court rejected his Detainer Act argument, concluding that good cause existed for the trial court to grant the continuance and that this was permissible under the Detainer Act. State v. Moore, 725 N.W.2d 910, 913 (N.D. 2007). Moore filed the current motion on May 14, 2007.

## II.     DISCUSSION

### A.     Scope of Review

Under 28 U.S.C. § 2254, a federal court may review state-court criminal proceedings to determine whether a person is being held in violation of the United States Constitution or other federal law. This review is limited because, as a matter of federalism and comity, primary responsibility for ensuring compliance with federal law in state-court criminal proceedings rests with the state courts. Consequently, federal-court intervention is limited under § 2254(d) to the instances in which a person is being held in custody pursuant to a state-court decision that (1) is directly contrary to established federal law as enunciated by the United States Supreme Court, (2) is an objectively unreasonable application of Supreme Court precedent, or (3) is based on an unreasonable determination of the facts based on the evidence presented in the state-court proceeding. See generally Woodford v. Visciotti, 537 U.S. 19, 26-27 (2002)(per curiam); Williams v. Taylor, 529 U.S. 362, 399-413 (2000); Williams v. Taylor, 529 U.S. 420, 436-437 (2000).[3]

---

[3] The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning and has described the differences as follows:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. Id., at 405-406, 120 S.Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. Id., at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether

Also, in keeping with the policy of state courts having primary responsibility for enforcement of federal rights in state-court proceedings, § 2254 contains a number of additional rules and procedures for ensuring that state-court convictions are given the maximum effect as allowed by law and to limit federal-court "retrials" of state-court criminal proceedings under the guise of federal habeas corpus. See Bell v. Cone, 535 U.S. 685, 693 (2003). For example, under § 2254(b), a federal court may only consider claims that have been first presented to the state court for consideration.[4] Further, it is not enough just to first present the federal claims to the state court. The federal claims must also be exhausted in state court using available state-law procedures before there can be federal-court consideration of the claims. And, in most cases, claims that have been procedurally defaulted at the state level are not reviewable in federal court.[5]

---

       the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. Id., at 409-410, 120 S.Ct. 1495. See also *id.*, at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

Bell v. Cone, 535 U.S. at 694; see also Early v. Packer, 537 U.S. 3, 7-11 (2002) (per curiam) (distinguishing between the application of the "contrary to" and "unreasonable application" clauses).

   [4] Proper presentation requires that the petitioner refer to the particular federal constitutional right or cite to a state or federal case that raises the pertinent constitutional issue. Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005).

   [5] The Eighth Circuit has set forth the governing rule and the relevant exceptions as follows:

A federal district court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds. *Reagan v. Norris,* 279 F.3d 651, 656 (8th Cir.2002). A state prisoner procedurally defaults a claim when he violates a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court, unless the prisoner can show cause and prejudice for the default, or actual innocence. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards. *Murray v. Carrier,* 477 U.S. 478, 493-96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Clemons v. Luebbers 381 F.3d 744, 750 (8th Cir. 2004). The only other instance in which a federal court can consider a procedurally defaulted claim is when a federal court elects to deny the claim on the merits under § 2254(b)(3) notwithstanding the procedural default.

Petitioners are also required in most cases to develop the factual bases for their federal claims in the state-court proceedings. Federal evidentiary hearings will not be available to develop the necessary facts unless petitioners can show that the claims rely upon a new, retroactive law or that petitioners could not have previously discovered the facts required to support their claims by the exercise of due diligence. 28 U.S.C. § 2254(e)(2). Finally, state-court factual findings carry a presumption of correctness that can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### B. Exhaustion of State Court Remedies

It is well established that the exhaustion doctrine, codified at 28 U.S.C. § 2254(b)(1)(A), precludes granting habeas relief with respect to a claim for which state-court remedies have not been exhausted. E.g., Rhines v. Weber, 125 S.Ct. 1528, 1533 (2006); Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001).

"To satisfy the exhaustion requirement, [a state prisoner] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999). A state prisoner "meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." Id. However, a court should only require exhaustion when "there is some reasonable probability that the relief which the petitioner seeks will actually be available to him and not require exhaustion when it would be an exercise in futility." Powell v. Wyrick, 657 F.2d 222, 224 (8th Cir. 1981).

The stated ground for Moore's petition is a violation of his Sixth Amendment right to a speedy trial. The factual predicate presented in the petition alleges a violation of North Dakota's Detainer Act for failure to schedule his trial within ninety days of his request for disposition of detainer. Federal habeas corpus relief is only available if a person is in custody in violation of the

5

Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); Evenstad v. Carlson, 470 F.3d 777, 782 (8th Cir. 2006). Schuetzle makes a good argument that Moore has presented only state law claims and therefore has failed to state a Federal Constitutional claim upon which relief may be granted. Nevertheless, the Court will view the Petition broadly as alleging a Sixth Amendment violation for failure to bring him to trial in a timely manner after he filed his request for disposition of detainer.

Moore, who did not file a response to Schuetzle's motion,[6] has made no showing or even an allegation that he has ever presented his Sixth Amendment violation argument to the state courts. His appeal to the North Dakota Supreme Court made no mention of a Sixth Amendment violation, or any other Federal Constitutional violation for that matter. The sole issue in his appeal was whether North Dakota's Detainer Act had been complied with. State v. Moore, 725 N.W.2d 910, 912 (N.D. 2007). As Moore failed to present his Sixth Amendment speedy trial argument to the North Dakota Courts, his claim fails for lack of exhaustion. Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006).[7]

### III.  CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only be issued if the applicant has made a substantial showing of the denial of a constitutional right. When the court has rejected a petitioner's claim on the merits, the substantial showing required is that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting

---

[6] The failure to file a brief by an adverse party may be deemed an admission that the motion is well taken. Local Rule 7.1(C).

[7] The claim would likely fail on the merits as well. Moore's trial was scheduled slightly more than four months after his request for disposition of detainer was filed. The Eighth Circuit has held that a seven month delay is too short a delay to warrant review of a defendant's Sixth Amendment speedy trial claim. United States v. Lozano, 413 F.3d 879, 883 (8th Cir. 2005).

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)); <u>see</u> <u>also</u> <u>U.S. v. Lambros</u>, 404 F.3d 1034, 1036 -1037 (8th Cir. 2005); <u>Garrett v. U.S.</u>, 211 F.3d 1075, 1076 -1077 (8th Cir. 2000).  When the court denies a petitioner's claim on procedural grounds without reaching the merits, the petitioner must demonstrate that reasonable jurists would find it debatable that a valid claim for the denial of constitutional rights has been stated and that the district court was correct in its procedural ruling. <u>Slack</u>, 529 U.S. at 484.

Based on the authority cited in this report, it is clear that Moore has not met his burden with respect to the issuance of a certificate of appealability.

## IV.  CONCLUSION AND RECOMMENDATION

For the reasons set forth above, Moore is not entitled to habeas relief.  Further, an evidentiary hearing is not required under Rule 8 of the rules governing section 2254 proceedings.  Therefore, it is **HEREBY RECOMMENDED** that:

1. Moore's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Docket No. 3) be **DENIED**.

2. The court certify that an appeal from the denial of this action may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith.

3. A certificate of appealability not be issued with respect to any of the issues raised by Moore.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file appropriate objections may result in the recommended action being taken.

Dated this 31st day of August, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge